EZRA LOCKWOOD *against* JOSIAH SMITH, AMOS WEED, THADDEUS BELL, jun. and WILLIAM WATERBURY, 4th.

MOTION for a new trial.

This was an action of *indebitatus assumpsit*. It was stated in the declaration, that on or about the 13th day of *December*, 1804, *Amos Weed* and *Thaddeus Bell*, jun., two of the defendants, together with *Sylvanus Knapp, George Mills* and *Amos Smith*, were select-men of the town of *Stamford*, for the time being ; and that they applied to the plaintiff, and represented to him, that as select-men of the town, by the advice and direction of *Ebenezer Davenport*, Esquire, the next justice of the peace, in pursuance of the statute, entitled " An act for relieving and ordering of idiots, impotent, distracted and idle persons," they had taken into their hands and custody, the person, family, lands, goods, chattels and credits of one *Abel Knapp*, an inhabitant of the town of *Stamford*, who was then likely to be reduced to want, by idleness, mismanagement and bad husbandry ; and requested the plaintiff, for them, and in their behalf, to take, dispose of, improve and manage the lands, goods, chattels and credits of the said

The select-men of the town of *S.*, pursuant to the provisions of the statute for relieving and ordering of idiots, &c., took into their hands the person and estate of *A*, an impotent person, and appointed *B.* as their agent to manage the same; *B.* accepted the trust, and was re appointed from year to year, for a number of years, by the several boards of select-men, of which one or more of the defendants always constituted a part, and in the execution of this trust expended much time and money. In an action of *indebitatus assumpsit* brought by *B.* against the select-men, for the time being, of the town of *S.* to recover the amount of monies expended in the execution of his trust, and the value of his services ; it was held, that a statement of the debts and credits of the estate of *A.* rendered by the plaintiff to a former board of select-men, accompanied with a certificate of a subsequent board, signed only by one of the defendants, with others, as select-men, whereby such statement was approved by such subsequent board, was not admissible, either for the purpose of shewing, that the defendants continued to hold and manage the person and estate of *A.*, or that the plaintiff acted as their agent in making disbursements, &c.

Held also, that a writing on a separate piece of paper, signed by each of the defendants and certain other persons, as select-men, referring to the acts of a former board of select-men, of the following tenor, " *Stamford, February* 15th, 1808, we the subscribers, select-men of the town of *Stamford*, considering that the mismanagement and bad husbandry of the above named *A.*, is likely to reduce him to want, do hereby approve of the doings above described, by the said *G. M, S. K.* and *T. B.*, jun," was not admissible.

Held also, that parol evidence was not admissible to shew to what particular acts of the select-men, such writing referred.

Held also, that evidence, shewing, that the several boards of select-men prior to the time when the defendants came into office, approved the conduct of *B.* in the execution of his trust, and that he acted according to their directions, was inadmissible.

Held also, that the confessions of one of the defendants, made out of court, could not be given in evidence, for the purpose of proving the facts alleged in the declaration.

*Abel,* for the benefit of himself and his family ; and that the plaintiff, in pursuance of such request, took and received such lands, &c., and did dispose of, improve and manage the same, for them, and in their behalf, until the time of the annual town meeting in the town of *Stamford,* in the same month of *December,* 1804 ; at which meeting, *Thaddeus Bell,* jun. *Amos Weed* and *Josiah Smith,* three of the defendants, and *George Mills* and *Isaac Lockwood,* were appointed select-men of the town; and that *Amos Weed* and *Josiah Smith,* two of the defendants, together with *George Mills, Isaac Lockwood* and *Nathan Weed,* were appointed select-men of the town, for the year next ensuing the annual meeting, in *December,* 1805 ; and that the plaintiff, at the special instance and request of the persons composing the several boards of select-men, last mentioned, continued to manage the property and affairs of the said *Abel Knapp,* from year to year, until the annual meeting of the town, in *December,* 1806 ; at which meeting, the defendants were appointed select-men, and continued to be the lawful select-men of the town, for the two years next succeeding, they having been re-appointed to that office, at the annual meeting in *December,* 1807 ; and that the plaintiff, at the special instance and request of the defendants, for them, and in their behalf, did dispose of and manage the property of the said *Abel,* from the month of *December,* 1806, until or on or about the 1st day of *September,* 1808.

It was also alleged, that *Abel Knapp* brought an action of *trespass* against the plaintiff, for his withholding from him, one cow, one swine, and two feather beds, being a part of the personal property received by the plaintiff, to manage and dispose of, as before mentioned ; on which action, before the Superior Court, final judgment was recovered against the plaintiff, for 4 dollars damages, and for 38 dollars, 34 cents, costs of suit ; for which execution was issued accordingly.

It was alleged further, that among the goods, chattels and credits received by the plaintiff, as before stated, was a certain promissory note, executed by one *Abraham Lockwood,* and made payable to *Abel Knapp,* for about 122 dollars, for the recovery of the value of which, an action of *trover* was

brought against the plaintiff, and upon a trial before the
Superior Court, judgment was rendered in his favour; and
that upon motion of the said *Abel*, by advice of the Supreme
Court of Errors, a new trial was granted, on the ground, that
the defendants had no right to the possession of the note;
and that thereupon, the plaintiff, by direction of the defend-
ants, suffered a default, and judgment was rendered against
him in such action, for 138 dollars, 23 cents, damages, and
for 49 dollars, 57 cents, costs of suit, and that execution was
duly issued therefo; and that the plaintiff was compelled to
pay the amount of the judgments before mentioned, together
with 6 dollars, 56 cents, for officer's fees and executions. The
actions before mentioned, were instituted for the purpose of
trying the legality of the proceedings of the select-men, in
taking into their hands the management of *Abel Knapp's*
property and affairs.

It was also alleged, that prior to the final determination
of the actions before-mentioned, *Abel Knapp* requested both
the plaintiff and defendants, to deliver to him, the possession
of his lands, goods, &c., and proposed, upon such delivery,
to withdraw the actions against the plaintiff; that the de-
fendants refused to accede to such proposition, and would not
consent that the plaintiff should deliver up the property, and
directed and requested him to defend in such actions, until
the opinion of the Supreme Court of Errors, concerning their
right to hold and manage the property of the said *Abel*, should
be fully known, and until final judgment should be rendered
therein; and that thereupon, the plaintiff, at the special in-
stance and request of the defendants, and in their behalf,
employed much time in making preparation for the trial of
such actions, and incurred great cost and expense in employ-
ing and paying attornies and counsellors, and making defence
in such actions, before the County and Superior Courts, and
the Supreme Court of Errors, and in paying court and clerk's
fees, paying and supporting witnesses, &c.; and that he had
devoted much time and labour in taking care of the property
and estate of the said *Abel*, and expended large sums of
money for the support of himself and his family, amounting

June, 1812.

LOCKWOOD
*v.*
SMITH.

June, 1812.

Lockwood
v.
Smith.

in the whole, to the sum of 1050 dollars, 20 cents; to his damage, 1400 dollars.

The cause was tried before the Superior Court, upon the plea of *non-assumpsit*, and the jury returned their verdict for the defendants.

On the trial, no express promise was claimed to have been made by the defendants. The plaintiff proved, that the several persons mentioned in the declaration, were select-men of the town of *Stamford*, for the several years, as therein stated; and for the purpose of shewing, that he was the agent of the defendants, he gave in evidence, a writing, subscribed by two of the present defendants, and sundry other persons, as select-men of the town, dated the 10th day of *December*, 1804, wherein it was declared, that they had taken into their care, the person, family, and estate of *Abel Knapp*, in pursuance of the provisions of the statute for relieving and ordering of idiots, &c.; and by which they appointed the plaintiff, their agent, to take care of and manage his person, family, and estate. He also read in evidence, a copy of the record of the proceedings before the magistrate, before whom *Knapp* was brought for examination. The facts relating to the suits instituted by *Knapp* against him, as alleged in the declaration, were also proved.

And for the purpose of shewing, that the defendants, when all in office, continued to hold the said *Abel Knapp*, and his estate; and also, that the plaintiff, as agent of the defendants, made the disbursements and rendered the services in the declaration alleged; the plaintiff offered in evidence, a certain account of the debts and credits of the estate of the said *Abel Knapp*, shewing what was due to and from his estate, in the course of his former dealings with sundry individuals; and also a certificate thereto annexed, signed by *Isaac Lockwood, Nathan Weed, George Mills,* and *Josiah Smith,* (*Smith* being one of the defendants,) select-men of the town of *Stamford*, dated *December* 16th, 1806, in the words following; " We, the subscribers, have examined the foregoing account, exhibited by *Ezra Lockwood*, overseer of *Abel Knapp,* and do approve of the same." The defendants objected to

the admission of this evidence, on the ground, that the certificate tended only to prove a contract between the plaintiff and one of the defendants, and three other persons who were, at this time, select-men, and not between him and the defendants ; and also, on the ground of irrelevancy. The plaintiff contended, that the evidence was relevant, as it proved the assent of *Smith,* one of the defendants, to the plaintiff's agency, and his acknowledgment that *Abel Knapp* was under the care of the select-men. But the court adjudged the evidence to be inadmissible.

On the 5th of *December,* 1804, *George Mills, Sylvanus Knapp* and *Thaddeus Bell,* jun. (he being one of the defendants,) select-men of the town of *Stamford,* gave notice in writing, that they had taken the person and estate of *Abel Knapp,* into their care, according to the provisions of the statute ; which notice was, on the same day, lodged in the town clerk's office. This writing was, by the plaintiff, given in evidence to the jury.

The plaintiff also offered in evidence, a certain other writing subscribed by all the defendants, and also, by *David Smith,* 3d. and *Isaac Wardwell,* in the words and figures following, *viz.* " *Stamford, February* 15*th,* A. D. 1808. We the subscribers, select-men of the town of *Stamford,* considering that the mismanagement, and bad husbandry of the above named *Abel Knapp,* is likely to reduce him to want, do hereby approve of the doings above described, by the said *George Mills, Sylvester Knapp,* and *Thaddeus Bell,* jun." This writing was on a separate piece of paper from the one last before mentioned ; and it was proved, that such writing was lodged on file, in the town clerk's office, on the 15th day of *February,* 1808. The defendants objected to the evidence, on the ground that it did not appear to what the writing referred ; and also on the ground of irrelevancy. The plaintiff, for the purpose of explaining the writing, offered to prove by parol, that the paper last-mentioned, was made and subscribed by the defendants, with reference to the other writing signed by *George Mills, Sylvanus Knapp* and *Thaddeus Bell,* jun.; and claimed, that with such explanation, the evidence was pro-

June, 1812.

LOCKWOOD
v.
SMITH

per, to shew, that *Abel Knapp* was continued under the care of the defendants : But the evidence was, by the court, adjudged to be inadmissible.

The plaintiff also offered in evidence, the deposition of *George Mills*, who was one of the select-men of the town of *Stamford*, from *December*, 1803, to *December*, 1806, wherein the proceedings of the select-men, relating to the care and management of the person and estate of *Abel Knapp*, were detailed; and wherein it was stated, that on the 13th day of *December*, 1804, the select-men appointed and empowered the plaintiff, as their agent, to manage his person, family and estate, subject to their advice and control, as to the mode of management ; and that the plaintiff, from time to time, during the three years, in which, the deponent was in office, made report of his doings, to the selectmen, and that the conduct of the plaintiff was by them approved; and that some time during the period just mentioned, the plaintiff gave notice to the deponent, that he had been sued for withholding some part of *Abel Knapp's* property, and applied to him for direction and advice, in relation to the subject matter thereof; and that the deponent, as select-man, advised and directed him to defend against such suit, and to retain *Knapp's* property in his hands ; and that the plaintiff was, by the selectmen, annually reappointed, as their agent, during the period last-mentioned, to superintend and manage the person and estate of the said *Knapp ;* that the select-men left it, generally, with the deponent, to advise and direct the plaintiff in the management of *Knapp's* concerns, and that they never disapproved of his conduct, until after the costs had accrued in the suits before mentioned.    This evidence was objected to, by the defendants, as being irrelevent, and was adjudged, by the court, to be inadmissible.

The plaintiff also offered to introduce the deposition of *Amos Weed*, one of the defendants, taken on the 24th of *September*, 1810, to be used in another cause, fort he purpose of proving his confessions, relating to certain facts therein stated.    It was stated in the deposition, that the deponent was one of the select-men of the town of *Stamford*, from the year

1804, until the year 1810; that in the year 1804, the select-men took into their care and possession, the person and estate of *Abel Knapp*, and put the same into the hands of the plaintiff, and appointed him their agent; that the plaintiff acted as their agent, in the management of *Knapp's* concerns, and frequently called on the select-men for direction and advice, concerning the execution of his trust; that the select-men did not disapprove of his conduct until after a judgment was rendered against him, in favour of *Knapp;* that after the rendering of such judgment, the select-men did not agree as to the propriety of the plaintiff's proceedings; and that they refused to accede to certain propositions for a settlement made by *Knapp.* The evidence last recited, was ruled out by the court. The plaintiff moved for a new trial, on the ground, that the court erred in rejecting the evidence by him offered on the trial, as before stated; which motion was reserved for the opinion of the nine Judges.

*N. Smith* and *R. M. Sherman*, in support of the motion.

*Daggett*, contra.

EDMOND, J. A new trial is claimed, in this case, on the ground, that the Superior Court erred in rejecting the testimony recited in the motion. The plaintiff, by his declaration, founds his right of recovery, upon services by him performed, and monies expended in certain law suits, in which he was involved, in consequence of the performance of those services, at the special instance and request of the defendants; by which, he alleges, that the defendants became indebted to him, and being so indebted, assumed and promised, &c.

The promise stated, is a *joint promise* of the defendants. On the trial of the case, it was not contended, that any *express promise* was made by the defendants to the plaintiff: And the testimony offered by the plaintiff, and rejected by the court, did not, in my opinion, conduce to prove any one fact, or set of facts stated in the declaration, which would

June, 1812.

VERMONT
BANK
*v.*
PORTER.

render the defendants jointly liable ; or from which, if true, the law would imply a promise, or from which, the jury might legally infer a promise, on the part of the defendants. The evidence was, therefore, wholly irrelevant, and was properly rejected.

I would not advise a new trial.

MITCHELL, Ch. J., REEVE, SWIFT, TRUMBULL, SMITH, and BRAINARD, Js., severally concurred in this opinion.

BALDWIN and INGERSOLL, Js., dissented.

New trial not to be granted.