HACKNEY *v.* The ALLEGHANY County Mutual Insurance Company.

4        185
30 SC  571

Unauthorized and false representations by an agent to receive applications for insurance and the premium for a mutual insurance company, as to the place where risks were taken, are not admissible as a defence to an action on a premium note to the company. And so of similar representations by the president of the corporation to the agent at the time of his appointment.

IN error from the Common Pleas of Warren county.

*Oct.* 5.    The facts of the case are fully stated in the opinion of the court here.

*Thompson*, for plaintiff in error, cited Hugh. on Ins. 265 ; 7 Watts & Serg. 348 ; Ellis on Ins. 2 ; Story on Agency, sec. 132 ; 4 Rawle, 294 ; 8 Watts, 392.

*Pearson* and *Williams*, contrà.—The agency was limited to receive applications and notes, (5 Watts & Serg. 548,) not to make agreements or statements.  The defendant was bound to know where the company insured.  2 Penna. Rep. 470.  Such statements are not binding, the application being in writing.  6 Peters, 51 ; 4 Cow. 646.

*Oct.* 10.    BURNSIDE, J.—This was an action of assumpsit on a premium note, dated the 9th of December, 1844, by which the plaintiff in error promised to pay the Alleghany County Mutual Insurance Company the sum of $96, in such portions and at such times as the

directors of the company may, agreeably to their act of incorporation, require. The destructive fire in the city of Pittsburgh, on the 10th of April, 1845, exhausted all the funds of the company. They required payment of all their insurance notes. On the 3d July, 1844, the company constituted Z. H. Eddy their agent, by the following certificate, viz.:

" This certifies that Z. H. Eddy, of Warren, Warren county, Pa., is appointed an agent of the Alleghany County Mutual Insurance Company, and is authorized to receive applications for insurance, and the premium thereon on which applications a policy will issue, or the money be immediately returned."

"L. WILMOUTH, *President*."

"Dated Warren, July 3d, 1844."

After the plaintiff had closed, the defendant proposed to prove that, at the time the agent requested him to become a member, the defendant was assured that the company was not insuring in the city of Pittsburgh, or other large cities; and that the defendant said, if such is the case, I will become insured and a member of said company; and gave his deposit note accordingly. This evidence was objected to and overruled by the court, and defendant excepted. He then further offered to prove that, at the time the President appointed Mr. Eddy agent of the company, he said they would not or did not insure in the city of Pittsburgh; that the company was intended for the country and not for the city of Pittsburgh, and that the agent so represented to the defendant at the time of giving the note in question and becoming a member of the company, and it appearing by the evidence that the company did, at the time and afterwards, insure in the city of Pittsburgh. This offer the court also rejected, and sealed a bill of exceptions.

The errors assigned were to the rejection of the evidence in these two bills of exceptions. They were considered together by the counsel, and will be so considered by this court.

The act incorporating The Alleghany County Mutual Insurance Company, passed the 4th of April, 1844, Pamphlet Laws, 194, declares that all persons who shall insure with the said corporation, their heirs, executors, administrators, and their assigns continuing in the corporation, shall thereby become members thereof during the period they shall remain insured. The act provides that the affairs of the company shall be managed by a board consisting of *thirteen* members, and requiring a majority to constitute a quorum for the transaction of business.

The directors determine the rates of insurance, and the time to be insured, and the sum to be deposited for the insurance. Each person becomes a member of the corporation on receiving his policy and depositing his promissory note for the sum determined by the directors.

Eddy was the agent of the company for the special purpose to receive applications for insurance, and the premium thereon. On these applications the board of directors judged and decided whether a policy should issue. This corporation, acting within the limits of the powers conferred by the act of incorporation, is responsible for the acts and contracts of their agents within the scope and authority of such agents. 12 Wheaton, 40; 6 Condensed Rep. 425; 5 Watts & Serg. 548. The declarations of such agent, acting as such within the scope of his authority, are evidence against the company. 5 Watts, 39. But the evidence offered was not within the scope or authority of either the agent, Eddy, or the president of the company. What authority had Eddy to bind the company whether they would insure in one place or another? Whether they would insure in town or country? His duty was to receive applications and premiums, and beyond that he had no power to bind the company. Nor was the declaration of the president, when he appointed Eddy, within the scope of his duties. The board of directors decided where they would insure. A large portion of the insurances within the city of Pittsburgh were made after the plaintiff in error became a corporation and one of the company.

The public have a deep interest in the proper conducting of these mutual insurance companies. There is no such privity among the corporations or the officers of the company as to make the admission of either binding on all. 5 Day, 309. If such verbal conversations were admitted in evidence against the written engagements of the corporators, their policies would be worthless, and the utility of mutual insurance companies at an end.

We are unanimously of opinion that the court were right in rejecting the evidence offered.

The judgment is affirmed.